IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THOMAS BARNEY HARRIS, SR.<br>JAMES WOOD<br>FELTON WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | CIVIL ACTION NO.: CV290-618<br>CV294-008<br>CV590-258 |

### ORDER

Defendant has filed an Omnibus Motion in Limine. (Harris, Doc.77.) Plaintiffs have filed a response. Defendant seeks to exclude certain evidence at trial. After consideration, and following the numbered paragraphs of Defendant's motion, the Court rules as follows:

1. Family Circumstances of the Plaintiffs - seeking to exclude references to family illness, tragedy, etc. (emphasis added.) That portion of Defendant's motion is **Denied**. The Court can not now determine that all references to family circumstances are irrelevant. The Court will rule on objections to specific questions at trial.

2. Reference to Other Employees' Injuries - seeking to exclude any reference to any prior or subsequent injury involving any railroad employee other than Plaintiffs. That portion of Defendant's motion is

**Denied.** The Court will determine the relevance of specific questions at trial.

3. Workers' Compensation - seeking to exclude any remarks indicating that Plaintiffs are not covered by workers' compensation. That portion of Defendant's motion is **Granted**.

4. Relative Wealth of Defendant - seeking to exclude references to the relative wealth of Defendant as compared to Plaintiffs. That portion of Defendant's motion is **Granted**.

5. Punitive Comments - seeking to exclude any reference that the purpose of the trial or the jury verdict is to "send a message" to punish Defendant. That portion of Defendant's motion is **Granted.**

6. Lost Wages and Earning Capacity - seeking to exclude any reference to Plaintiffs' lost wages or future earning capacity. That portion of Defendant's motion is **Granted.**

7. Character Evidence - seeking to exclude any reference that Plaintiffs were good employees, received work commendations, or favorable job reviews. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

8. Reference to Plaintiffs by Their First Name or Nickname - seeking to direct parties and witnesses to refrain from addressing Plaintiffs by their first name or nickname. That portion of Defendant's motion is **Denied.**

AO 72A
(Rev. 8/82)

9. <u>No Duty to Monitor Health of Employees</u> - instructing counsel for Plaintiffs not to attempt to introduce evidence concerning whether or not Defendant monitored the health of Plaintiffs. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

10. <u>References to Other Toxic Substances</u> - instructing Plaintiffs and their counsel to refrain from attempting to introduce evidence of exposure to non-asbestos toxic substances. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

11. <u>Demonstrative Work Practice Evidence</u> - seeing to exclude evidence demonstrative of various work practices. That portion of Defendant's motion is **Denied.**

12. <u>Household Exposure Evidence</u> - seeking to exclude evidence of asbestos exposure as children from family members who worked with Defendant and brought asbestos fibers home on their clothes. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

SO ORDERED, this 29th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)